IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                    No.  06-40009-01-SAC

NICOLAS SOTO-ARREOLA,

           Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant Nicolas Soto-Arreola's request for hearing transcripts of his change of plea and sentencing and a copy of his plea agreement, as he is "in the process of filing a 2255 Motion." (Dk. 25). The defendant pleaded guilty to felon in possession of a firearm for which he received a sentence of 30 months imprisonment. Judgment was entered on June 29, 2006, and the defendant did not appeal his conviction or sentence. The defendant has not filed a motion for relief pursuant to 28 U.S.C. § 2255. The pending motion for transcripts was filed on August 3, 2007. The defendant represents he lacks the funds to pay for the requested transcripts.

"Under 28 U.S.C. § 753, an indigent defendant is entitled to have the government pay the fees for a copy of his transcript in a § 2255

proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit." *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).  Finding this statute constitutional, the Supreme Court "was satisfied at the collateral relief stage by affording a defendant a free transcript upon a showing of particularized need for the transcript as required by § 753." *Id.* (citing *United States v. MacCollom*, 426 U.S. 317, 326 (1976)).  A prisoner does not have the right to a free transcript simply to search for error in the record.  *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992); *United States v. Battle*, 2000 WL 374649 at *1 (D. Kan. Mar. 9, 2000).  "[S]ome courts have held that the actual filing of a habeas petition is a necessary prerequisite" to § 753(f).  *Sistrunk v. United States*, 992 F.2d at 259 (citing decisions from other circuits but not deciding whether to follow this interpretation of § 753(f)).  The naked assertion of ineffective assistance of counsel without supporting factual allegations does not satisfy the requirements of § 753(f).  *See MacCollom*, 426 U.S. at 326-27; *Ruark v. Gunter*, 958 F.2d at 319.  "Conclusory allegations that a defendant was denied effective assistance of counsel, without more, do not satisfy the requirements of 753(f)."  *Sistrunk v. United States*, 992 F.2d at 259.

"[S]ection 753(f) is the exclusive provision governing requests by indigent prisoners for free transcripts, whether or not the transcripts already exist." *Id.* at 260.

The defendant has yet to file his § 2255 motion and does not assert or proffer any need for the requested transcripts. The defendant does not disclose what claims will be made in his motion. The defendant faces a serious procedural hurdle should he choose to file such a motion. A movant must generally file a § 2255 petition within one year from the date his conviction becomes final. 28 U.S.C. § 2255. Because the defendant took no appeal, the one-year limitations period began running on July 15, 2006, ten days after judgment was entered. *See United States v. Hurst*, 322 F.3d 1256, 1259-60 (10th Cir.2003) (holding that the statute of limitations period to file a habeas petition begins running the day after the time for filing an appeal has expired); *see* Fed. R. App. P. 4(b)(1)(A)(i) (notice of appeal must be filed within ten days after entry of judgment); 4(b)(6) (judgment is entered when entered on criminal docket); 26(a)(2) (excluding intermediate Saturdays, Sundays or legal holidays if the period is less than eleven days). Thus, Soto-Arreola had until July 15, 2007, to file a timely habeas petition. The defendant offers nothing to prove the

3

applicability of any recognized exception to the one-year limitations period.

Thus, the court denies the defendant's request for several reasons. There is no § 2255 motion of record. The defendant offers no specific factual allegations from which the court can determine that the defendant has any non-frivolous § 2255 claim. The one-year limitations period appears to have expired, and the defendant puts forward no arguable grounds for an exception. The defendant waived his right to bring a collateral attack in his plea agreement, and he does not describe any claim that would be permitted by *United States v. Cockerham*, 237 F.3d 1179, 1184 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Finally, the defendant does not articulate any particularized need for the transcripts.

IT IS THEREFORE ORDERED that the defendant's request for production of hearing transcripts to aid him in the preparation of his motion for relief pursuant to 28 U.S.C. § 2255 (Dk. 25) is denied.

Dated this 14th day of August, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge